COPY

Elliot E. Polebaum   JUDGE ENGELMAYER
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
801 17th Street, NW
Washington, DC 20006
(202) 639-7000
elliot.polebaum@friedfrank.com

Attorneys for Petitioner
  Thales Alenia Space France



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CV 4102 (PAE)

*In the Matter of the Arbitration between:*

THALES ALENIA SPACE FRANCE,

　　　　　　　　　　　Petitioner,

　　- against -

GLOBALSTAR, INC.,

　　　　　　　　　　　Respondent.

ECF Case

12 Civ. ____ ( )

**PETITION OF THALES ALENIA SPACE FRANCE TO CONFIRM ARBITRATION AWARD**

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 201 *et seq.* and the United Nations Convention for Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), Petitioner Thales Alenia Space France ("Thales"), by and through its attorneys, brings this petition to confirm the final Award entered in favor of Thales and against Respondent Globalstar, Inc. ("Globalstar"), and alleges as follows:

**PARTIES**

1.      Petitioner Thales is a French company with its principal place of business at Etablissement de Cannes 100, Boulevard du Midi – B.P. 99, 06156 Cannes al Bocca Cedex, France.  Thales designs and manufactures satellites, satellite systems and orbital infrastructures.

2.      Respondent Globalstar is a Delaware corporation with its principal place of business at 300 Holiday Square Blvd., Covington, LA 70433.  Globalstar offers satellite voice, data and tracking services to customers through a constellation of low-earth orbiting ("LEO") satellites.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 203.

4.      Venue is proper in this district pursuant to 9 U.S.C. § 204.

**BACKGROUND AND FACTS**

5.      On November 30, 2006 Globalstar entered into a contract (the "2006 Contract") with Thales's predecessor-in-interest, Alcatel Alenia Space France, for, among other things, the procurement of 48 LEO satellites.  These 48 satellites were to be deployed for Globalstar's second generation constellation of satellites.

6.      The parties thereafter modified the 2006 Contract through several amendments and, on or about June 3, 2009 executed an Amended and Restated Contract for the Construction of the Globalstar Satellite for the Second Generation Constellation (the "2009 Contract" or "Contract").  As part of this 2009 Contract, Globalstar agreed to purchase 48 satellites from Thales, with the non-recurring engineering and manufacturing work to be spread over three phases.  The parties agreed that Thales would design and manufacture 25 satellites as part of

Phases 1 and 2 and manufacture 23 satellites as part of Phase 3.  A true and correct copy of the 2009 Contract is attached as Exhibit A, excluding exhibits and amendments thereto.

7. The 2009 Contract contains a dispute resolution clause, which provides as follows:

> Any dispute or disagreement arising between the Parties in connection with any interpretation of any provision of the Contract, or the compliance or non-compliance therewith, or the validity or enforceability thereof, or any other dispute under any Article hereof which is not settled to the mutual satisfaction of the Parties within thirty (30) Days (or such longer period as may be mutually agreed) from the date that either Party informs the other in writing that such dispute or disagreement exists, shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules and the Supplementary Procedures for Large, Complex Disputes in effect on the date that such notice is given, except as otherwise specified herein.

Ex. A, at Art. 23(A).

8. Article 23 further states that "[t]he arbitration award shall be final and binding upon the Parties, their successors and assignees, and judgment may be entered thereon, upon the application of either Party, by any court having jurisdiction."  *Id.* at Art. 23(C).

9. On or about June 3, 2011, Globalstar initiated arbitration proceedings against Thales.  Thales answered and filed counterclaims against Globalstar.

10. The International Centre for Dispute Resolution of the AAA (the "ICDR") constituted a three-member arbitral tribunal (the "Tribunal") in accordance with Article 23 of the Contract.  The Tribunal consisted of Mark A. Kantor, Esq., Michael D. Young, Esq., and James H. Carter, Esq.  Mr. Carter served as the Chair of the Tribunal.  In accordance with Article 23(B) of the Contract the seat of the arbitration was New York.

11. The parties exchanged many hundreds of pages of pre-hearing briefing, witness statements and expert reports, including briefing on an application by Globalstar for interim relief.  A five-day hearing on the parties' claims was held in New York, New York during the

period January 24-28, 2012.  In the course of the hearing, the Tribunal heard testimony from twelve fact witnesses and two expert witnesses, as well as argument from counsel.  After the hearing on the merits, the parties submitted hundreds of pages of post-hearing briefing.  The parties submitted simultaneous briefs and simultaneous reply briefs.

12. On May 10, 2012, the ICDR communicated the Tribunal's Award to the parties.  A true and correct copy of the Award is attached as Exhibit B.  In its Award, the Tribunal rejected all of Globalstar's claims.  On Thales's counterclaims, the Tribunal determined, among other things, that: (1) Phase 3 of the Contract has been terminated for convenience in its entirety and that Thales has no obligation to manufacture or deliver any Phase 3 Spacecraft or perform any other obligations under Phase 3 of the Contract; (2) Globalstar has materially breached the Contract by failing to pay termination charges when due under the Contract; (3) Globalstar must pay Thales termination charges of €52,676,770; (4) Globalstar must pay simple interest on the sum of €52,676,770 at a rate of five percent per annum, beginning 30 days after date of delivery of the Award, or June 9, 2012; and (5) if Globalstar elects to order "additional" Spacecraft from Thales, it must first pay Thales the termination charges awarded by the Tribunal and then negotiate with Thales a mutually acceptable consideration and other mutually agreed terms for the purchase of those satellites.  Separately, the Tribunal ruled that Thales shall reimburse Globalstar the sum of U.S. $16,624.39, representing a portion of the ICDR fees and expenses incurred by Globalstar, such that the parties would share equally all arbitration-related expenses in accordance with the Contract.

13. Globalstar has failed to make payment to Thales of any portion of the €52,676,770 awarded by the Tribunal.

## CLAIM FOR RELIEF

### Confirmation of Arbitration Award Pursuant to 9 U.S.C. § 201 et seq.

14. Petitioner repeats and realleges the allegations in paragraphs 1-13 as if set forth fully herein.

15. The Contract is an "agreement in writing" within the meaning of Article II(2) of the New York Convention.

16. The Agreement and the Award arose out of a legal commercial relationship within the meaning of 9 U.S.C. § 202.

17. The Award is not considered domestic in the State where recognition and enforcement are sought.

18. Both France and the United States are signatories to the New York Convention.

19. None of the exceptions that may lead to non-recognition or non-confirmation of an arbitral award applies.

20. The Award must be confirmed pursuant to the New York Convention and 9 U.S.C. § 207.

WHEREFORE, Petitioner prays for judgment:

(a) pursuant to 9 U.S.C. § 207 confirming the Award against Globalstar and in favor of Thales, including awarding against Globalstar and in favor of Thales the amount of €52,676,770 and, to the extent that amount (or any portion thereof) is not paid by June 9, 2012, simple interest on the unpaid amount at a rate of five (5) percent per annum; and

(b) granting such other and further relief as the Court deems just and proper, including costs, fees and disbursements of this proceeding.

Dated:  Washington, DC
        May 23, 2012

Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP

By: _____
    Elliot E. Polebaum
    elliot.polebaum@friedfrank.com

801 17th Street, NW
Washington, DC 20006
(202) 639-7000

Attorneys for Petitioner
  Thales Alenia Space France

6